1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7              FOR THE DISTRICT OF ARIZONA

8

9    Abdul Rahman Shadabadi,              )    No. CV 10-61-TUC-DCB (HCE)
                                          )
10              Petitioner,               )    **REPORT & RECOMMENDATION**
                                          )
11   vs.                                  )
                                          )
12                                        )
     Craig Apker,                         )
13                                        )
                Respondent.               )
14                                        )
                                          )
15   _____ )

16      Pending before the Court are: (1) Petitioner's March 26, 2010 Amended Petition for Writ

17  of Habeas Corpus filed pursuant to 28 U.S.C. §2241 (Doc. No. 17); (2) Petitioner's March

18  26, 2010 Memorandum in Support of Petition (Doc. 18) (hereinafter "Petitioner's Memo.");

19  (3) Petitioner's April 22, 2010 Supplement[1] (Doc. 21); (4) Respondents' May 24, 2010

20  Return and Answer[2] (Doc. 25)  (hereinafter "Answer"); (5) Petitioner's July 12, 2010 Reply

21  (Doc. 32); and (6) Petitioner's August 27, 2010 Supplement[3] (Doc. 36).  Pursuant to the

22  Rules of Practice of this Court, this matter was referred to the undersigned Magistrate Judge

23  _____

24      [1]On May 4, 2010, the Court granted Petitioner's motion to file the April 22, 2010

25  Supplement.  (*See* Doc. 22).

26      [2]Exhibit 2, Attachment 1 of Respondents' Answer has been filed under seal.  (*See*
    Docs. 27, 28).

27

28      [3]On September 17, 2010, the Court allowed Petitioner's August 27, 2010 Supplement.
    (*See* Doc. 37).

1  for Report and Recommendation. For the following reasons the Magistrate Judge
2  recommends that the District Court deny the Amended Petition.

3  **I. FACTUAL & PROCEDURAL BACKGROUND**

4      Petitioner is presently incarcerated at the United States Penitentiary in Tucson, Arizona.
5  Petitioner claims that the Bureau of Prisons (hereinafter "BOP") denied him credit against
6  his federal sentence for pretrial detention for the period from December 15, 2004 to
7  December 15, 2005. (Amended Petition, p.4).

8      On December 15, 2004, Petitioner was arrested by a police officer from the Citrus
9  Heights, California Police Department for, *inter alia,* being a Felon in Possession of a
10  Weapon. (Answer, p. 2; Petitioner's April 22, 2010 Supplement). At the time of his arrest,
11  Petitioner was on California state parole and a parole hold was placed on him by the state of
12  California. (Answer, p.2 & Exh. 2, Att.3, p.1). On December 31, 2004, the California State
13  Board of Prison Terms revoked Petitioner's parole and returned him to California state
14  custody for 12 months. (Answer, p.2 & Exh. 2, Att.3, p.1). With regard to Petitioner's
15  parole revocation, the record reflects that on January 11, 2005, Petitioner signed a form
16  entitled Board of Prison Terms Notice of Right to Revocation Hearing - Acknowledgment.
17  (Petitioner's April 22, 2010 Supplement). On that same date he also signed a form entitled
18  Board of Prison Terms Waiver of Revocation Hearing wherein he marked a box indicating
19  the following:

20      I DO NOT want a revocation hearing while my case is in court. I give up all my
        hearing rights. The Board can decide if I broke the rules and whether I should go back
21      to prison. They can do this without me there. I may want a hearing LATER. I have
        15 days after the court case ends to ask for one. I cannot ask for a hearing if it is less
22      than 2 months before my revocation ends.

23  (*Id.*) (capitalization in original). Additionally on January 11, 2005, Petitioner signed a form
24  entitled Board of Prison Terms State of California Summary of Revocation Decision:
25  Hearing Waived/Screening Offer, wherein Petitioner was informed of the decision to revoke
26  his parole and return him to custody for 12 months due to his state parole violation stemming
27  from his December 15, 2004 arrest. (*Id.*). Petitioner marked a box indicating the following:
28  I accept the above order and optionally waive my right to a hearing. (*Id.*).

1    The state eventually dismissed the criminal charges against Petitioner arising from his
2    December 15, 2004 arrest.  (*See* Answer, Exh. 1, Att. 3 (Warden Rios' July 29, 2009
3    Response to Request for Administrative Remedy (noting that the state criminal charges
4    arising from Petitioner's December 15, 2004 arrest were dismissed)).  Petitioner does not
5    allege that he requested a hearing with regard to his parole revocation.  (*See* Petitioner's
6    April 22, 2010 Supplement (Board of Prison Terms Waiver of Revocation Hearing indicating
7    that Petitioner could ask for a hearing regarding his parole revocation 15 days after his
8    California case ended)).

9    On December 23, 2004, Petitioner was indicted on the charge of Felon in Possession of
10   a Firearm in the U.S. District Court for the Eastern District of California in CR 04-0481.
11   (Answer, p.2 & Exh. 1, Att. 1).  On February 3, 2005, Petitioner was arrested by agents of
12   the Bureau of Alcohol, Tobacco, and Firearms (hereinafter "ATF") in relation to the
13   indictment in CR 04-801.  (Answer, p.2 & Exh. 2, p.2, Att. 4, p.1).  The United States
14   Marshals Service assumed custody of Petitioner pursuant to a writ of habeas corpus ad
15   prosequendum, and temporarily housed him at the Sacramento County Jail on a contractual
16   basis. (Answer, Exh. 2, p.2, Att. 5, p.5).  "On December 15, 2005, Petitioner was re-paroled
17   from the California Department of Corrections while in temporary federal custody pursuant
18   to the writ.  This relinquished primary jurisdiction from the state to federal authorities."
19   (Answer, Exh. 2, pp.2-3; *see also* Answer, Exh. 2, Att. 6).  On August 4, 2006, Petitioner was
20   released from federal custody on a recognizance bond.  (Answer, Exh. 2, p. 3, Att. 4, p.2).

21   Petitioner ultimately pled guilty in CR 04-481 to the federal charge of Felon in Possession
22   of a Firearm in violation of 18 U.S.C. §922(g)(1). (Petitioner's Memo., p. 2).  On March 13,
23   2009, Petitioner was sentenced to 63 months of confinement followed by three years of
24   supervised release in CR 04-801.  (*Id.*; Answer, p. 2 & Exh. 2, Att.9).  This is the sentence
25   at issue in the instant Petition.  Petitioner is projected to complete this sentence on January
26   15, 2011, via good conduct time.  (Answer, pp. 2-3 & Exh. 1, Att.2; Answer, Exh. 2, Att. 10).
27   Petitioner has a full term expiration date of September 19, 2011. (*Id.*).  Petitioner also has a
28   retainer lodged against him by Immigration and Customs Enforcement.  (*Id.*).

1    **II.        DISCUSSION**

2        A.        Argument

3    Petitioner argues that the BOP, in calculating his federal sentence, has denied him credit

4    from the December 15, 2004 arrest date by California police to December 15, 2005.

5    Petitioner's argument is based on his position that he was informed by the California

6    Department of Corrections that if the state dismissed the charges pending against him, the

7    12-month "sanction [for the state parole violation] would be invalid..." (Petitioner's Memo.,

8    pp. 1-2).  Petitioner alleges that the state dismissed the charges against him and the ATF took

9    over the matter resulting in his federal indictment.  (*Id.*).  Petitioner opines that because the

10   state dismissed the criminal charges against him, he has been in federal and not state custody,

11   and thus, he is entitled to credit against his federal sentence from his December 15, 2004

12   arrest date.  (Petitioner's Memo., p. 2).  Instead, the BOP calculates Petitioner's federal

13   sentence as commencing on December 16, 2005, the day that BOP maintains that the state

14   of California relinquished its jurisdiction over Petitioner by re-paroling Petitioner and

15   releasing him to the custody of the United States Marshal.  (*Id.* at p.3; Answer, Exh. 2, Att.

16   3 (Warden Rios' July 29, 2009 Response to Request for Administrative Remedy)).

17   Petitioner further claims that his state revocation parole proceeding violated his "5th

18   Amendment Right..." to due process because his parole was revoked without notice, a

19   probable cause hearing, a revocation hearing, and he was not asked to waive such rights prior

20   to the revocation of his parole.  (Petitioner's Memo., p.3).

21   Respondents assert that Petitioner's sentence was properly calculated and his Amended

22   Petition should be denied.  (Answer, pp. 3-5)

23       B.        Jurisdiction

24   "Federal courts are always 'under an independent obligation to examine their own

25   jurisdiction,'...and a federal court may not entertain an action over which it has no

26   jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir.2000) *(quoting FW/PBS,*

27   *Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), *overruled in part on other grounds by City*

28   *of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.,* 541 U.S. 774 (2004)).  With regard to habeas

1   petitions, federal jurisdiction is dependent upon a proper characterization of the petition.

2   *Gay v. Winn,* 2009 WL 275324, *2 (D.Ariz. Feb. 5, 2009).

3       An action to challenge the manner, location or condition of the execution of a federal

4   sentence must be filed pursuant to 28 U.S.C. § 2241.  *Hernandez,* 204 F.3d at 864.

5   Petitioner's claim that the BOP has denied him pre-sentence credit to which he is entitled,

6   falls under section 2241.[4]  *See e.g. Gay,* 2009 WL 275324 at * 2 (*citing Rogers v. United

7   States,* 180 F.3d 349 (1st Cir. 1999) (section 2241 petition is appropriate vehicle to challenge

8   the correctness of a jail-time credit determination, once administrative remedies have been

9   exhausted)). Further, because Petitioner is incarcerated at the United States Penitentiary in

10  Tucson, Arizona, this Court has jurisdiction over this matter. *Francis v. Rison,* 894 F.2d 353

11  (9th Cir. 1990); *Gay,* 2009 WL 275324 at * 2.

12      C.       Exhaustion of Administrative Remedies

13      The Ninth Circuit Court of Appeals has stated:

14      [28 U.S.C. § 2241] does not specifically require petitioners to exhaust direct appeals
        before filing petitions for habeas corpus. [Footnote omitted.] However, we require, as
15      a prudential matter, that habeas petitioners exhaust available judicial and administrative
        remedies before seeking relief under § 2241.

16

17  *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds,*

18  *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006).  Respondents concede that Petitioner

19  _____

20      [4]In his Memorandum, Petitioner claims that the state parole revocation violated his
    due process rights under the Fifth Amendment. (Petitioner's Memo., p.2).  To any extent
21  Petitioner attempts to challenge the state revocation proceeding itself, such a claim is not
    cognizable in the instant Petition filed pursuant to 28 U.S.C. §2241.  Instead, any remedy for
22  a claim challenging the state proceeding is through 28 U.S.C. § 2254 and a section 2254
    petition would probably be time-barred.  *See* 28 U.S.C. § 2244(d)(1).  Moreover, it is the
23  Fourteenth Amendment, not the Fifth Amendment that protects a person against deprivations
    of due process by a state.  *See* U.S. Const. amend XIV, §1 ("nor shall any state deprive any
24  person of life, liberty, or property without due process of law."); *Castillo v. McFadden,* 399
    F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government
25  from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits
    deprivations without due process by the several States.").  Thus, the Fifth Amendment Due
26  Process Clause would not provide a cognizable ground for relief regarding Petitioner's
27  allegations concerning his state parole revocation proceeding.
28

1    exhausted administrative remedies prior to filing the instant Petition. (*See* Answer, p. 3).

2        D.        Analysis

3        "After a district court sentences a federal offender, the Attorney General, through the

4    BOP, has the responsibility for administering the sentence."  *United States v. Wilson,* 503

5    U.S. 329, 336 (1992) (*citing* 18 U.S.C. §3621(a)); *see also Allen v. Crabtree,* 153 F.3d 1030,

6    1033 (9th Cir. 1998). The statute governing calculation of a term of imprisonment provides

7    that a federal sentence commences on the date the defendant is received in custody to begin

8    service of his sentence.  18 U.S.C. § 3585(a).  Section 3585 also provides  for credit for prior

9    custody as follows:

10       A defendant shall be given credit toward the service of a term of imprisonment for any
         time he has spent in official detention prior to the date the sentence commences--
11            (1) as a result of the offense for which the sentence was imposed; or
              (2) as a result of any other charge for which the defendant was
12            arrested after the commission of the offense for which the sentence
              was imposed;
13       *that has not been credited against another sentence*.

14   18 U.S.C. §3585(b) (emphasis added).  Through the last clause of section 3585(b), "Congress

15   made clear that a defendant could not receive a double credit for his detention time."  *Wilson,*

16   503 U.S. at 337.

17       Further, Section 3585(b) does not authorize a district court to compute the credit at

18   sentencing.  *Wilson,* 503 U.S. at 334; *United States v. Lualemaga,* 280 F.3d 1260, 1265 (9th

19   Cir. 2002).  Instead, the Attorney General, acting through the BOP, has the responsibility to

20   compute the credit allowed by section 3585(b).  *Wilson,* 503 U.S. at 334-35; *see also Id.* at

21   335 ("Because the offender has a right to certain jail-time credit under §3585(b), and because

22   the district court cannot determine the amount of the credit at sentencing, the Attorney

23   General has no choice but to make the determination as an administrative matter when

24   imprisoning the defendant.").  "[T]he BOP has developed detailed procedures and guidelines

25   for determining the credit available to prisoners."  *Id.* at 335 (*citing* Federal Prison System

26   Program Statement 5880.24; Federal Bureau of Prisons Operations Memorandum No. EMS-

27   DM 154-89).  *See also Cruz v. Sanders,* 2008 WL 5101021, *1 (C.D.Cal.  Dec. 2, 2008)

28   ("The BOP's guidelines for computation of sentences are set forth in Program Statement

5880.28, which expressly incorporates the provisions of 18 U.S.C. §3585(b)." (*citing* Program Statement 5880.28 at 1-14)); (Answer, Exh. 2 (*citing* Program Statement 5880.28, *Sentence Computation Manual* when discussing computation of Petitioner's sentence)).  The BOP's internal guidelines provided in the Program Statements are not entitled to the same deference as promulgated regulations, but they are nonetheless entitled to "some deference" if they are a permissible construction of the statute.  *See Reno v. Koray,* 515 U.S. 50, 61 (1995).  *See also Allen,* 153 F.3d at 1033.

Petitioner's California state parole was revoked as a result of his December 15, 2004 arrest, he was returned to state custody for 12 months for that parole violation, and he was released from service of that sentence on December 15, 2005.  Under 18 U.S.C. § 3585(b), Petitioner cannot receive credit for his federal sentence for time which has been credited against another sentence.  Because Petitioner received credit toward his state parole revocation for the period until December 15, 2005, that time cannot be credited against his federal sentence.  *See* 18 U.S.C. §3585(b); *Wilson,* 503 U.S. at 337 (a defendant cannot receive a double credit for his detention time).

Further, that Petitioner was arrested by ATF while in state custody for his parole violation does not alter the Court's conclusion.  "Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration" unless the sovereign with priority of jurisdiction relinquishes it to another sovereign.  *United States v. Warren,* 610 F.2d 680, 684 (9th Cir. 1980).  Further, "'[w]hen an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be on loan to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly.'" *Thomas v. Brewer,* 923 F.2d 1361, 1367 (9th Cir. 1991) (*quoting Crawford v. Jackson,* 589 F.2d 693, 695 (D.C.Cir. 1978) (internal quotation marks omitted)).  In this instance, Petitioner was serving the time imposed for his state parole revocation when: ATF arrested him on February 3, 2005; he presented in federal court on February 3, 2005 and

1  thereafter on the federal charges[5]; and he was re-paroled from the California Department of

2  Corrections in December 2005 after serving the 12 months imposed for his state parole

3  revocation.  Consequently, the State of California had primary jurisdiction over Petitioner,

4  which continued uninterrupted from the date of Petitioner's arrest on December 15, 2004

5  until December 15, 2005 when the state of California relinquished jurisdiction by re-paroling

6  Petitioner and releasing him to the federal authorities. *See Id.; Warren,* 610 F.2d at 684.

7  Under the instant circumstances, Petitioner cannot receive credit against both his state parole

8  revocation and his federal sentence because such double credit violates 18 U.S.C. §3585(b).

9  *See Wilson,* 503 U.S. at 337 (a defendant cannot receive double credit for his detention time).

10  E.        CONCLUSION

11  Because Petitioner received credit toward his state parole revocation for the period from

12  December 15, 2004 to December 15, 2005, he is not entitled to credit against his federal

13  sentence for that same period.

14  **III.        RECOMMENDATION**

15  For the foregoing reasons, the Magistrate Judge recommends that the District Court

16  deny Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C.

17  §2241 (Doc. No. 17).

18  Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within

19  fourteen (14) days after being served with a copy of this Report and Recommendation.  A

20  party may respond to another party's objections within fourteen (14) days after being served

21  with a copy thereof. Fed.R.Civ.P. 72(b).   If objections are filed, the parties should use the

22  following case number: **CV 10-61-TUC-DCB.**

23  Failure to file timely objections to any factual or legal determination of the Magistrate

24  ────────────────────

25  [5]On February 3, 2005, the federal court issued an order directing that:

26  on order of a court of the United States, or a request of an attorney for the Government, the person in charge of the corrections facility in which the

27  defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

28  (Answer, Exh. 2, Att.5, p.5)

1    Judge may be deemed a waiver of the party's right to *de novo* review of the issues. *See*

2    *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S.

3    900 (2003).

4        DATED this 22nd day of December, 2010.

5

6    _____

7                        Héctor C. Estrada
                    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28